# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**RONNIE JUNOR NIXON**                                                                              **PLAINTIFF**

v.                              Case No. 3:23-CV-00068-LPR

**CINDY RICHARDSON, Judge,**
**Arkansas Community Correction, et al.**                                                           **DEFENDANTS**

## ORDER

Plaintiff Ronnie Nixon was incarcerated at the Poinsett County Jail when he initiated this *pro se* Complaint on March 13, 2023.[1] Mr. Nixon neither paid the $402 filing fee nor sought to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Prior to filing this lawsuit on March 13, 2023, Mr. Nixon filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[3]

Since initiating this lawsuit, Mr. Nixon has updated his address, from which the Court can infer that he is no longer detained in the Poinsett County Jail. That fact, however, does not change his status as a three-striker. Although the Eighth Circuit has not specifically ruled on the matter, other courts have held the three-strikes rule applies when, as in this case, a prisoner is released

---

[1] Compl. (Doc. 1).

[2] 28 U.S.C. § 1915(g).

[3] *See Nixon v. Mills*, No. 3:10-CV-12-BSM (E.D. Ark.); *Nixon v. Cox*, No. 3:17-CV-122-BRW (E.D. Ark.); *Nixon v. Hitt*, No. 3:17-CV-138-JM (E.D. Ark).

from custody while the lawsuit is pending.[4]  Nevertheless, Mr. Nixon may proceed *in forma pauperis* if he falls under the imminent-danger exception to the three-strikes rule.[5]

Mr. Nixon alleges that an unnamed defendant has failed to "take all [his] records out of the computer" and, as a result, he continues to get arrested for parole violations despite no longer being on parole.[6]  Nothing in his allegations suggest he was in imminent danger at the time he filed his Complaint.  Accordingly, the imminent-danger exception does not apply.[7]  This case will be dismissed due to Mr. Nixon's failure to pay the filing fee.  Mr. Nixon will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Mr. Nixon's Complaint is dismissed without prejudice.

2. Mr. Nixon has thirty (30) days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

---

[4] *See Gibson v. City of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' . . . is 'the moment the plaintiff files his complaint.'" (citing *Harris v. City of New York*, 607 F.3d 18, 21–22 (2d Cir. 2010))); *Johnson v. Allegheny Cnty. Ct. of Common Pleas*, 669 Fed. App'x 74, 75 n.1 (3d Cir. 2016) (per curiam) (PLRA applies notwithstanding post-suit release); *Torns v. Miss. Dep't Corrs.*, 421 Fed. App'x 316, 317 (5th Cir. 2010) (plaintiff's release "did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar"); *Randle v. Hiland*, No. 4:19-CV-00838-KGB, 2021 WL 2654391, at *1 (E.D. Ark. June 28, 2021); *Banks v. Craighead Cnty. Det. Ctr.*, No. 3:16-CV-37-BSM-BD, 2016 WL 3172393, at *2 (E.D. Ark. April 20, 2016) (unpublished opinion); *Rose v. Craighead Cnty. Det. Facility*, No. 3:16-CV-40-DPM-BD, 2016 WL 1726139, at *1 (E.D. Ark. Apr. 5, 2016) (unpublished opinion).

[5] *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

[6] Compl. (Doc. 1) at 4.

[7] *See Dilworth*, 147 F.3d at 717.

IT IS SO ORDERED this 15th day of May 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE